OPINION OF THE COURT
George A. Murphy, J.
Plaintiff Cablevision Systems Development Co. (hereinafter referred to as Cablevision) has brought this action against defendant MGE T.V. Center Inc. (hereinafter referred to as *880 MGE) to recover damages allegedly sustained as the result of MGE having violated Federal (47 USC § 605) and State (Executive Law § 825 [6]) statutory law as well as common law by its unauthorized connection of a coaxial cable to the cablevision system in order to obtain cable television programming and service of the plaintiff without paying for same. Plaintiff also seeks a permanent injunction against any further violations by MGE.
On October 1, 2 and 3, 1986, this action against MGE was tried before a jury which returned a verdict in favor of the plaintiff. The matter of damages was left to the court and, in that connection, each party has been accorded the opportunity to submit to the court a posttrial memorandum of law on the issues of compensatory damages, punitive damages, a permanent injunction and reasonable attorneys’ fees.
The jury found that the defendant had made use of a connection between his T.V. center and the main feeder cable of Cablevision at the rear of the building, that the connection was unauthorized and that the purpose was to secure the benefit of Cablevision’s system without making any payment therefor. The defendant was in the T.V. repair business at his premises and was well versed in the field of electronics with many years of experience in the television repair field. The defendant chose to contest the suit and denied throughout what the proof finally established as a fact: a clear violation of the cited statutes for the purpose of direct commercial advantage and private financial gain.
The court finds as a matter of law and fact that the plaintiff is entitled to an award of damages, a permanent injunction and reasonable attorneys’ fees in the circumstances of this case. The applicable law is found in Executive Law § 825 (6) of the State which provides a civil right of action by a cable television company against a defendant who allegedly has engaged in a theft of the company’s services. Federal law applies by reason of 47 USC § 605, which provides for statutory penalties and reasonable attorneys’ fees and authorizes the State also to address by statute the matter of theft of cable television services. Whether the court applies the Federal or State law in arriving at the amount of damages to be awarded to the plaintiff is quite academic. The nature of the damages to be awarded is the same. The Federal statute alone permits an award of reasonable attorneys’ fees while the right to an injunction is provided by Federal and State law.
*881 The misconduct of the defendant is exactly what is sought to be penalized and deterred by the Federal and State laws. While cablevision is a relatively new technology, it is part of the telecommunications systems that long have enjoyed statutory protection from unlawful interference. Willful theft of cablevision services must be thwarted by every possible measure and dealt with effectively when discovered. Such conduct is dangerous, destructive and costly. The cablevision companies are very vulnerable because of the miles of lines that are easy marks for persons bent on theft of programming and services.
Consequently, the court makes the following awards:
Pursuant to 47 USC § 605 (d) (3) (C) (i) (II), the plaintiff is awarded the sum of $2,500.
Pursuant to 47 USC § 605 (d) (3) (C) (ii), because the defendant engaged in the theft for direct commercial advantage and for private financial gain, the plaintiff is awarded an additional $2,500.
Pursuant to 47 USC § 605 (d) (3) (A) and (B), the plaintiff is awarded the sum of $2,500 in counsel fees and is granted an injunction permanently enjoining the defendant from a continuation of unlawfully connecting to and stealing from the plaintiff’s main cable programming and services carried thereon.
The court has arrived at the relief adjudged herein based on the fact that the defendant was not shown to be more than a small one-man operation, or to have been engaged in any activity of transferring or transmitting the programming and services beyond his repair shop, or to have used the connection except as an incidental part of his otherwise legitimate business of repairing television sets for individual walk-in customers. His penalty must be related somewhat to the level of his activity.
It must also be noted that both State and Federal law make the conduct of the defendant criminal in nature, and a conviction of a crime brings with it possible penalties and consequences that any sensible person ought to view as quite sufficient to discourage a big risk for a small gain. It is obvious, therefore, that use of the civil award is not to be viewed as the sole means provided by law to deter conduct of the kind involved in this case. The plaintiff is entitled to at least the relief provided herein particularly since this defendant chose to put the plaintiff to its proof hoping to the very *882 end to defeat the plaintiffs right and duty to protect its property from the defendant now and in the future.
In accordance with the foregoing decision of the court, the plaintiff is awarded judgment against the defendant in the total sum of $7,500 for damages and reasonable attorneys’ fees and, in addition, permanently enjoining the defendant from continuing his unlawful taking of plaintiffs cablevision programming and services by unauthorized connection and without payment. The plaintiff shall have costs as well as disbursements.